UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID STIDUM, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 4:11 CV 743 RWS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

David Stidum moves to correct his sentence under 28 U.S.C. § 2255. Stidum claims that he received ineffective assistance of counsel. Stidum argues that, but for the ineffective assistance of counsel, he would have received a shorter sentence.

For the reasons set forth below, I will deny Stidum's motion.

**I.  Background**

In 2007, Stidum entered into an agreement with others to distribute and possess with the intent to distribute heroin. Between 2007 and November of 2008, Stidum received black tar heroin and china white heroin from his co-defendant and then sold the heroin to customers. DEA agents monitored these activities and on December 9, 2008, Stidum's co-defendant, Earnest Lenoir, met with DEA agents. The co-defendant identified a picture of Stidum and admitted that he had sold 1.5 ounces of heroin to Stidum on one occasion. Id.

On or about March 12, 2009, Petitioner David Stidum was charged by Superceding Indictment with one count of conspiracy to distribute and posses with the intent to distribute heroin. Stidum was arrested on March 24, 2009 and was appointed counsel. On September 2,

2009, Stidum pleaded guilty to conspiracy to distribute and to possess with the intent to distribute in excess of 100 grams of heroin. On November 20, 2009, Stidum was sentenced to 84 months in prison and five years supervised release.

Stidum now claims that he received ineffective assistance of counsel for a number of reasons.

## II. Grounds for Relief

In his 28 U.S.C. §2255 motion, Stidum alleges that he received ineffective assistance of counsel when his counsel failed to:

(1) Properly prepare and investigate his case;

(2) Object to the amount of drugs attributed to him;

(3) Question his co-defendant;

(4) Object to or raise the issue of prosecutorial misconduct;

(5) Secure the promised sentence arising from the plea agreement;

(6) File a motion to suppress evidence;

(7) Object to the prosecutor's improper closing arguments and breach of the plea agreement;

(8) Raise the issue of prosecutorial vindictiveness.

## III. Analysis

Criminal defendants have the right to effective assistance of counsel under the Sixth Amendment of the United States Constitution. For a convicted defendant to prove a constitutional violation due to ineffective assistance of counsel they must show (1) that counsel's performance was deficient, and (2) that "the deficient performance prejudiced the defense."

Strickland v. Washington, 466 U.S. 668, 687 (1994).

In assessing whether a counsel's performance was deficient, the court must consider whether the counsel's conduct was "reasonable under prevailing professional norms." Id. at 688. Courts employ a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." Id. at 689. To show prejudice, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the preceding would have been different." Id. at 694. In the context of a guilty plea, this means the defendant must show that he would have insisted on going to trial if counsel had been effective. Nguyen v. United States, 114 F.3d 699, 704 (1997).

In his first claim, Stidum alleges that he did not receive effective assistance of counsel because his attorney failed to thoroughly investigate his case. He argues that if his attorney would have properly conducted an investigation, she would have realized that there was no factual basis to prove that he was part of a conspiracy to distribute illegal drugs. Stidum claims that he only admitted to buying 1.5 ounces of heroin from his co-defendant and that they merely had a buyer-seller relationship, not one which was conspiratorial.

Stidum's claim is refuted by the record. At his plea hearing, Stidum and I had the following exchange:

THE COURT: Now for you to have been found guilty after a trial, the United States would have had to prove the following beyond a reasonable doubt:

That two or more persons reached an agreement or came to an understanding to distribute and posses with the intent to distribute heroin; and that you voluntarily and intentionally joined in the agreement or understanding either at the beginning or at sometime while the agreement or understanding was still ongoing; that at the time you joined in the agreement or understanding you knew what the purpose of the agreement or understanding was, and the amount of heroin involved was more than 100 grams. Do you understand that, sir?

> PETITIONER: Yes, sir, yes.
>
> THE COURT: If you do not believe the United States could prove all those things beyond a reasonable doubt, you should not plead guilty today. Do you understand that?
>
> PETITIONER: Yes, sir.

Plea Tr. 18:11-19:4 4:09CR12, Docket No. 521.

I then asked the Assistant U.S. Attorney to tell the Court the facts she believed would be proved at trial beyond a reasonable doubt. I also requested Stidum listen carefully because I would be asking him whether he did what the Assistant U.S. Attorney says he did. The Assistant U.S. Attorney indicated if the case were to go to trial, it would be proved that Stidum entered into an agreement with his co-defendants to distribute and possess with the intent to distribute heroin, that Stidum obtained black tar heroin and china white heroin from a co-defendant and then sold that heroin to other customers, that Stidum had been purchasing approximately five grams of black tar heroin two times per week between November 2007 and November of 2008, that between the end of October 2008 and mid-November 2008 he purchased one half ounce of china white heroin from his co-defendant on two separate occasions, and that Stidum redistributed the heroin to customers in the St. Louis area.

> Stidum and I then had the following exchange:
>
> THE COURT: Mr. Stidum, is what the Assistant United States attorney said true?
>
> PETITIONER: Yes, sir, Your Honor.
>
> THE COURT: Did you do what she says you did?
>
> PETITIONER: Yes, sir, Your Honor.

Id. 22:14-18.

Further, during his plea hearing Stidum indicated he was satisfied with his counsel's representation of him. We had the following exchange:

> THE COURT: Are you satisfied with [your attorney's] representation of you?
>
> PETITIONER: Yes, sir.
>
> THE COURT: Is there anything you think your attorney should have done but didn't do in representing you?
>
> PETITIONER: No, sir, Your Honor. I think she did an excellent job in my behalf.

Id. 8:5-11.

Following Stidum's guilty plea, he filed several pro se motions requesting a new lawyer be appointed to represent him, seeking to dismiss his counsel, and seeking to withdraw his guilty plea. I referred the matter to Magistrate Judge Audrey G. Fleissig. Judge Fleissig conducted a lengthy hearing on October 13, 2009 with Stidum, his counsel, and the Assistant U.S. Attorney. After continuing the hearing in order for Stidum and his counsel to discuss his motions, Stidum indicated that he wanted to withdraw his pro se motions and continue to be represented by appointed counsel.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. U.S., 114 F.3d 699, 703 (8th Cir. 1997) (internal citation omitted).

Here, Stidum is unable to overcome the heavy burden of his admissions under oath during his plea hearing. Stidum admitted his guilt, testified hat he was satisfied with his attorney's performance, and that there was nothing that she had not done that he wanted for her to do.

While Stidum filed pro se motion for new counsel and to withdraw his guilty plea, he ultimately withdrew those motions. As a result, Stidum has failed to overcome the heavy burden created by his admissions, and has failed to demonstrate that his counsel's performance was constitutionally deficient. As a result, his claim fails.

Next, Stidum argues he received ineffective assistance of counsel because his attorney failed to object to the amount of heroin attributed to him at sentencing. Stidum claims he told his attorney that he possessed less than the amount of heroin attributed to him.

At Stidum's plea hearing, the Assistant U.S. Attorney indicated that "based upon the known evidence, the parties are in agreement that the amount of heroin...that is appropriate for [Petitioner] is more than 400 grams but less than 700 grams." Plea Tr. 22:8-13 . When I asked Stidum if this was true, Stidum replied, "Yes, sir, Your Honor." Id. at 22:16.

During the hearing before Judge Fleissig, Stidum raised the issue of the amount of heroin attributed to him when he entered his guilty plea. His counsel indicated "[W]e discussed on just about every occasion the elements of conspiracy, the difference between that crime and a possession or sale or trafficking as it related to the evidence that the Government has." Hearing Tr. 13:4-8, 4:09CR12, Docket No .10. Judge Fleissig gave Stidum and his counsel time to privately discuss his pro se motion to withdraw his guilty plea. Ultimately, Stidum decided not to pursue his pro se motion to withdraw his guilty plea.

Stidum's claim that his counsel was ineffective for failing to object to the amount of heroin attributed to him fails. Stidum voluntarily entered a guilty plea admitting that the amount of heroin to be attributed to him for his role in the conspiracy was more than 400 grams and less than 700 grams. Any objection by counsel in this regard would have been meritless, and counsel

is not ineffective for failing to make a meritless argument. Rodriguez v. U.S., 17 F.3d 225, 226 (8th Cir. 1994).

Next, Stidum argues he received ineffective assistance of counsel when his attorney did not interview Stidum's co-defendant. Stidum claims that his co-defendant was a potential alibi witness, and that his testimony may have reduced his sentence or exonerated him completely.

"There is . . . no per se rule that failure to interview witnesses constitutes ineffective assistance. Ineffective assistance cases turn on their individual facts." Sanders v. Trickey, 875 F.2d 205, 209 (8th Cir.1989). In order to prove that his attorney's failure to interview his co-defendant constituted ineffective assistance of counsel, Stidum "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Stidum argues his attorney should have interviewed Earnest Lenoir, his co-defendant. Stidum attached an affidavit from Lenoir that indicates Stidum purchased 27 grams of heroin from him on one occasion. However, Lenoir's affidavit does not indicate that he would have testified at trial or that he would have agreed to have been interviewed by Stidum counsel. When considered in conjunction with the fact that Lenoir was Stidum's co-defendant and that Lenoir's criminal case was ongoing at the time of Stidum's guilty plea, I cannot conclude that Stidum has shown there is a reasonable probability that had counsel attempted to interview Lenoir, Stidum ultimately would not have pleaded guilty and would have insisted on going to trial. Further, at his plea hearing, Stidum affirmatively indicated under oath that he was satisfied with his attorney's representation and that there was nothing that he thought his attorney should have done but did not do while representing him. As a result, Stidum's claim fails.

Stidum next claims his counsel was ineffective for failing to object when the Assistant U.S. Attorney "stormed out" of the courtroom during court proceedings before Judge Fleissig on October 13, 2009. Stidum claims that the Assistant U.S. Attorney became upset when Stidum announced that his co-defendant was his alibi, that Stidum was not involved in a conspiracy, and that the relationship he had with his co-defendant was merely a buyer-seller relationship. Stidum alleges that "it was a gross breach of the appearance of justice when [the Assistant U.S. Attorney] stormed out of the courtroom." Stidum's argument is meritless and directly refuted by the record.

During the hearing on October 13, 2009, Judge Fleissig took up Stidum's pro se motions regarding his appointed counsel's continued representation. Prior to this discussion, Judge Fleissig asked the Assistant U.S. Attorney to leave the courtroom in order to prevent the violation of Stidum's attorney-client privilege. Judge Fleissig indicated "...I'm going to ask [the Assistant U.S. Attorney to] step out for a few minutes, and if you'll just stay out there in the hallway, we'll come get you when we're ready." Hearing Tr. 8:11-16, 4:09CR12, Docket No. 10. After the Assistant U.S. Attorney exited the courtroom, Judge Fleissig indicated she would then "conduct an ex parte discussion with regard to [appointed counsel's representation]." Id. 8:20-21. Contrary to Stidum's assertion, the Assistant U.S. Attorney did not storm out of the courtroom. There is no evidence to show that the government's attorney "stormed out" of the courtroom. As a result, Stidum's argument fails.

In his next claim, Stidum argues his counsel was ineffective for "'failing to properly secure the desired and promised sentence' arising from the agreed upon plea agreement." Stidum goes on to argue that it was his understanding that he would receive a five year sentence and that

if he had known he would get more than 60 months, he would have exercised his right to trial. Stidum's claim is directly refuted by the record. During the plea hearing, I had the following exchange with Stidum:

    THE COURT:    Do you understand what's in the plea agreement, these are recommendations to me. I'm not required to follow the sentencing agreement.

    PETITIONER:    Yes, sir.

Plea Tr. 12:19-22, 4:09CR12, Docket No. 521.

It was clearly established at the plea hearing that Stidum understood that I was not bound by the recommended sentence in the plea agreement. As a result, Stidum's claim fails.

Stidum next argues he received ineffective assistance of counsel because she failed to file a motion to suppress evidence. However, counsel is not ineffective for failing to assert a meritless argument Rodriguez, 17 F.3d at 226. Stidum does not identify specific evidence his counsel should have attempted to suppress. As a result, he has failed to demonstrate that an attempt by his counsel to suppress evidence would have been successful, and his claim fails.

Stidum next argues he received ineffective assistance of counsel because she failed to object to the Assistant U.S. Attorney's "improper closing arguments and breach of plea agreement." Stidum goes on to argue his counsel improperly did not object to the sentence he received because it exceeded the sentence the parties agreed upon in his plea agreement. The Assistant U.S. Attorney did not make any closing arguments in this case because the case did not proceed to trial due to Stidum entering a guilty plea. Further, as discussed above, Stidum indicated on the record during his plea hearing that he understood that the recommended sentence in his plea agreement was merely a recommendation and that I was not bound by the

recommendation. Stidum has failed to establish a violation of the plea agreement and any objection by his counsel would have been meritless. As a result, his claim fails.

Finally, Stidum argues he received ineffective assistance of counsel when counsel failed to "raise the issue of [p]rosecutorial [v]indictiveness" when Stidum was charged for 400 grams of heroin and argued that a sentence at the higher end of the Sentencing Guidelines be enforced.

> Although the government may take action to punish a defendant for committing a crime, punishing a defendant for exercising his valid legal rights is impermissible prosecutorial vindictiveness. A defendant can establish prosecutorial vindictiveness through objective evidence that the prosecutor's decision to seek a more severe sentence was intended to punish the defendant for the exercise of a legal right. Alternatively, the defendant is entitled to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges.

U.S. v. Campbell, 410 F.3d 456, 461 (8th Cir. 2005) (internal citations omitted).

Prosecutors are given broad discretion to enforce criminal statutes. Id. Stidum bears a heavy burden to show that the prosecution was brought in order to punish him for the exercise of a legal right. Id. Here, Stidum is unable to meet the burden. There is no objective evidence of a vindictive motive or facts that create a presumption of vindictiveness. While Stidum's attorney did not object to the Assistant U.S. Attorney's discussion of his prior criminal history during sentencing, his counsel did argue that he should be sentenced at the lower end of the Guidelines and that, due to the age of the convictions, the Guidelines permit that the convictions may carry zero points. Further, Stidum does not identify what legal right he was allegedly punished for exercising. As a result, Stidum's claim fails.

**IV.     An Evidentiary Hearing is not Warranted**

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their petition. However, there is a well established exception to this rule when the files and records of the case conclusively show that the petitioner is not entitled to relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Check v. United States, 858 F.2d. 1330, 1333 (8th Cir. 1988). Because the record in this case conclusively establishes that Stidum is not entitled to relief, his request for an evidentiary hearing is denied.

## V. Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. For the reasons above, I find Stidum has not made such a showing. Thus, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Stidum's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability, as Stidum has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgement will be entered on this same day.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of September, 2012.